| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE M. PUGH,<br><br>           Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | No. 2:18-cv-1607-KJN<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS<br><br>(ECF Nos. 11, 13.) |

Plaintiff Tonie M. Pugh seeks judicial review of a final decision by the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act.[1] Plaintiff filed for summary judgment, arguing among other things that the Administrative Law Judge failed to resolve an apparent conflict between the Dictionary of Occupational Titles and the testimony of a Vocational Expert. The Commissioner also filed for summary judgment, contending among other things that no such conflict exists for the ALJ to reconcile, or if one does exist, remand is the appropriate remedy.

After carefully considering the record and the parties' briefing, the court DENIES the Commissioner's motion for summary judgment, GRANTS IN PART Plaintiff's motion for summary judgment, and REMANDS for further proceedings.

---

[1] This action was referred to the undersigned per Local Rule 302(c)(15), and both parties consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 5, 6.)

1

**Background**

Plaintiff applied for disability insurance benefits on April 9, 2014, but was denied in both the initial proceedings as well as on review. (ECF No. 8–3 at p. 25.) Plaintiff requested review by an ALJ under the five–step analysis. (Id.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 6, 2012, and that she had the following severe impairments: "depression; status–post right subacromial decompression with residuals; right hand dorsal sensory neuropraxia; degenerative disc disease of the cervical spine; and carpal tunnel syndrome." (Id. at p. 27, ¶¶ 2–3.) The ALJ also determined that Plaintiff's impairments did not meet or equal any "listed" impairment, but that she had the residual functional capacity ("RFC") to perform light work, with the following restrictions:

> [S]he is able to reach occasionally with the right upper extremity but never reach overhead with the right upper extremity; frequently handle and finger with the right upper extremity; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, and kneel; occasionally crouch and crawl; *perform simple and detailed tasks*; *with frequent interaction with the public*.

(Id. at p. 28 ¶ 4 and p. 30 ¶ 5, emphasis added.) The ALJ found Plaintiff could not perform her past relevant work, as it was "heavy," and classified Plaintiff by her age, education, and skill set. (Id. at p. 34, ¶¶ 6–9.) Relevant to this appeal, the ALJ determined there were a significant number of jobs in the national economy that Plaintiff could perform. (Id. at ¶ 10.) The ALJ based this determination in large part on the testimony of the Vocational Expert ("VE") who appeared at the September 2, 2016 hearing. (Id. at p. 35) The VE stated that, given Plaintiff's age, education, and work experience, and despite the restrictions listed in the RFC, Plaintiff could perform in such occupations as Furniture Rental Consultant (DOT 295.357–018, an unskilled, light occupation with 50,000 jobs in the national economy); Usher (DOT 344.677-014, an unskilled, light occupation, with 4,800 jobs in the national economy); and Telephone Solicitor (299.357-014, an unskilled, sedentary occupation, with 80,000 jobs in the national economy). (Id.; see also id. at pp. 89–90.) The ALJ determined that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"), and concluded Plaintiff was not disabled under step five of the analysis. (Id.)

2

Thereafter, Plaintiff challenged the ALJ's decision before the Appeals Council and raised issues regarding the step–five determination. (ECF No. 8–3 at pp. 1–7.) On April 12, 2018, the Appeals Council found no basis for changing the ALJ's decision, which then became the final decision of the Commissioner. (Id.) Plaintiff filed the instant action on June 1, 2018, to obtain judicial review of the step–five determination. (ECF No. 1.) Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment, and plaintiff replied. (ECF Nos. 11, 12, 13.)

**Parties' Arguments**

Plaintiff takes issue with the ALJ's failure to resolve conflicts with the VE's testimony in the step–five portion of the analysis. (ECF No. 11.) Plaintiff contends: (1) the three occupations cited by the VE require more than frequent contact with the public, as described by the DOT and as indicated by statistical data from the Department of Labor—despite Plaintiff's limitation to "frequent" contact; and (2) the DOT lists a Reasoning Level of 3 for two of the occupations—despite Plaintiff's limitation to "simple, detailed" but "not complex" tasks. (Id.) Thus, Plaintiff requests summary judgment in her favor remanding for benefits or, alternatively a remand for further proceedings. (Id.)

The Commissioner contends the ALJ did not err on either point, arguing no apparent conflict existed with Plaintiff's RFC for frequent public contact or with the DOT's reasoning levels; thus, the Commissioner requests summary judgment affirming the ALJ's decision. (ECF No. 12.) Alternatively, the Commissioner argues that if the Court agrees with either of Plaintiff's arguments, a remand for further proceedings would be the appropriate remedy. (Id.)

**Legal Standards**

To qualify for benefits, a claimant must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting more than twelve months." 42 U.S.C. § 1382c (a)(3)(A). The claimant's impairment must be of such severity that she is not only unable to do her previous work, but cannot, considering age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 1382a (a)(3)(B).

To encourage uniformity in decision making, the Commissioner has promulgated regulations prescribing a five-step sequential process for evaluating an alleged disability. 20 C.F.R. §§ 404.1520(a)-(f); 416.920(a)-(f). It is as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

The Court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

///

**Analysis**

In Zavalin v Colvin, the Ninth Circuit concisely set forth the process by which the Commission is to meet its burden to "identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." 778 F.3d 842 (9th Cir. 2015) (citing Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995), and 20 C.F.R. § 416.920(g)). Under step–five, the ALJ is first to assess the claimant's "residual functional capacity," defined as the most that a claimant can do despite "physical and mental limitations" caused by his impairments and related symptoms, then is to consider potential occupations the claimant may be able to perform. Id. at 845 (citing 20 C.F.R. § 416.966). For occupations, the ALJ is to rely on the Dictionary of Occupational Titles—the SSA's "primary source of reliable job information" regarding jobs that exist in the national economy, as well as testimony from vocational experts—who testify about specific occupations that a claimant can perform in light of the RFC. Id. at 845–46 (citing 20 C.F.R. §§ 416.969, 416.966(d)(1) and (e); Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009); Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990)). "When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." Zavalin, 778 F.3d at 846 (citing Massachi v. Astrue, 486 F.3d 1149, 1153–54 (9th Cir. 2007)).

Plaintiff contends an apparent conflict exists between the occupations the VE believed Plaintiff could perform and the reasoning levels of those occupations, as listed in the DOT. All occupations in the DOT are categorized in multiple ways, including how physically demanding each is (sedentary, light, heavy), how long it would take for a worker to learn each occupation ("SVP"), and what level of education each occupation requires ("GED"). See DOT, App. C, (4th ed. rev. 1991), available at 1991 WL 688702. GED levels include a score for reasoning ability that is required to perform the job, ranging from Levels 1–6 (low to high). See id. Relevant here are the DOT's definitions for reasoning levels 2 and 3:

///

> 02 LEVEL REASONING DEVELOPMENT: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> 03 LEVEL REASONING DEVELOPMENT: Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

See id. at p. 4; see also Zavalin, 778 F.3d at 847. Plaintiff asserts the plain language of these reasoning levels conflicts with her RFC, considering (a) the doctor's assessment that Plaintiff could "understand and remember simple and detailed—but perhaps not complex—tasks" (ECF No. 8–4 at p. 146), (b) the RFC's restriction to "simple and detailed" tasks (ECF No. 8–3 at p. 89), and (c) the ALJ's question to the VE concerning the occupations a hypothetical individual restricted to simple and detailed tasks could perform (Id. at p. 89). Plaintiff notes the use of the term "detailed" in level 2 reasoning but not level 3, and argues that level 3 reasoning essentially equates to "complex" reasoning. Thus, when the VE testified that Plaintiff could perform occupations at a Reasoning Level 3 (Furniture Rental Consultant, Telephone Solicitor, and Call–Out Operator), the ALJ was required to do more than just accept the VE's testimony that the assessment was in line with the DOT. (See ECF No. 8–3 at pp. 88–90.)

First, the Court notes that no strict match exists between "detailed instructions," as listed in Reasoning 2, and "detailed" tasks, as defined in an RFC. As artfully described in Meissl v. Barnhart, "[t]he [c]ourt is not convinced that such a neat, one-to-one parallel exists between the two." 403 F.Supp.2d 981, 984 (C.D. Cal. 2005). The court in Meissl continued:

> The Social Security regulations separate a claimant's ability to understand and remember things and to concentrate into just two categories: "short and simple instructions" and "detailed" or "complex" instructions. The DOT, on the other hand, employs a much more graduated, measured and finely tuned scale starting from the most mundane . . . moving up to the most complex . . . . To equate the Social Security regulations use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity.

Id. (citing 20 C.F.R. § 416.969a(c)(1)(iii); 20 C.F.R. part 404, subpart P, Appendix 1, Listing 12.00C(3); DOT at 1010–1011). However, some correlation may be drawn between them.

For example, in Zavalin, the Ninth Circuit held that "an apparent conflict exists between an RFC to perform "simple, repetitive tasks" and the demands of Level 3 Reasoning." 778 F.3d at 847. In so holding, the court observed that "simple, repetitive" correlates more with a Level 2 Reasoning. Id. Conversely, Level 3 Reasoning appeared to the court to be at odds with "simple, routine" tasks because "it may be difficult for a person limited to simple, repetitive tasks to follow instructions in 'diagrammatic form' as such instructions can be abstract." Id. (quoting Adams v. Astrue, 2011 WL 1833015, at *4 (N.D. Cal. May 13, 2011)); see also Buck v. Berryhill, 869 F.3d 1040 (9th Cir. 2017) (following the reasoning of Zavalin); Rounds v. Commissioner, 807 F.3d 996 (9th Cir. 2015) (remanding for ALJ to resolve conflict between RFC restricting plaintiff to one– and two–step tasks and the requirements of Level 2 Reasoning); Tudino v. Barnhart, 2008 WL 4161443, at *11 (S.D. Cal. Sept. 5, 2008) (Level 2 Reasoning "appears to be the breaking point for those individuals limited to performing simple repetitive tasks").

The line here is not as clean cut as in Zavalin, Buck, and Rounds. Plaintiff's RFC restricted her to "simple and detailed" tasks (ECF No. 8–3 at p. 89), and the treating physician qualified her as being able to "understand and remember simple and detailed—but perhaps not complex—tasks" (ECF No. 8–4 at p. 146). Courts have found that someone who can perform "simple and detailed" tasks can perform occupations with a Level 2 Reasoning. Cf. Ranstrom v. Colvin, 622 Fed. Appx. 687 (9th Cir. 2015) ("There is no appreciable difference between the ability to make simple decisions based on 'short, simple instructions' and the ability to use commonsense understanding to carry out 'detailed but uninvolved . . . instructions,' which is what Reasoning Level 2 requires."); Patton v. Astrue, 2013 WL 705909, at *1 (D. Ore. Feb. 25, 2013) ("A task that includes 'detailed, but uninvolved' instructions may consist of a number of steps, none of which are complex"). Conversely, courts have considered an RFC with "complex" tasks relates well to Reasoning Levels 3 and 4. See Imran v. Colvin, 2015 WL 5708500, *6 (C.D. Cal. Sept. 25, 2015) (RFC limiting plaintiff to "moderately complex tasks" creates no apparent conflict with the demands of Level 3 and 4 Reasoning); Santos v. Colvin, 2014 WL 1794462, at

*6 (C.D. Cal. May 6, 2014) (same).

The Ninth Circuit has not spoken on Plaintiff's specific issue. However, multiple courts in this district have found that when an RFC restricts the claimant to detailed–but–not–complex tasks, this creates an apparent conflict with Level 3 Reasoning. See Bowman v. Colvin, 228 F.Supp.3d 1121 (D. Or. 2017) ("[W]hen the RFC [restricting the claimant to "simple, detailed, non–complex tasks"] is compared to the definitions of both Level Two and Level Three reasoning, it is clear that the RFC here aligns with Level Two and not Level Three."); see also Trai Truong v. Saul, 2019 WL 3288938 (S.D. Cal. July 19, 2019) (RFC limiting to "detailed non–complex instructions" tracks closely to Reasoning Level 2 . . . ."); Vanessa R. v. Commissioner, 2019 WL 1586867 (W.D. Wash. Mar. 28, 2019) (same); Ebony B. v. Berryhill, 2019 WL 1296875 (C.D. Cal. Mar. 21, 2019) (apparent conflict exists between Level 3 reasoning and limitation to non–complex tasks); Kinney v. Berryhill, 2018 WL 1145694 (C.D. Cal. Jan. 25, 2018) (same); Barbee v. Berryhill, 2017 WL 3034531 (S.D. Cal. July 18, 2017) (same). As noted in Bowman, this trend has existed for over a decade across the country. See Davis v. Astrue, 2008 WL 517238, at *5 (N.D. Tex. Feb. 27, 2008); Trebilcock v. Barnhart, 2004 WL 2378856, at *3 (D. Me. Oct. 25, 2004); Hodgson v. Barnhart, 2004 WL 1529264, at *2 (D. Me. June 24, 2004) (aff'd, 129 Fed. Appx. 633 (1st Cir. 2005)). This Court joins in the above chorus, finding that an apparent conflict exists between Reasoning Level 3 and an RFC restricting a claimant to "simple, detailed" tasks (as differentiated from "complex" tasks).

Further, the Court notes that the ALJ's failure to reconcile this inconsistency is not harmless, therefore requiring remand. The VE relied on two occupations with a Reasoning Level of 3, and only one (Usher) with a Level 2 Reasoning. (ECF No. 8–3 at pp. 88–91.) The jobs available in the national market for Usher were 4,800, whereas the total jobs available for the Level 3 Reasoning occupations were 130,000. Beltran v. Astrue, 700 F.3d 386, 390 (9th Cir. 2012) ("1,680 jobs distributed over several regions cannot be a "significant number[.]"); cf. Randazzo v. Berryhill, 725 F. App'x 446, 448 (9th Cir. 2017) ("10,000 electrical accessories assembler jobs found by the expert may not amount to a significant number of jobs in the national economy."); with Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 528 (9th Cir. 2014) ("25,000

jobs meets the statutory standard" for nationwide numbers).

The Court recognizes the Commissioner's argument to the contrary, and is observant of the opposite path some courts have taken with this specific issue. See Hockett v. Colvin, 2017 WL 218801 (W.D. Wash. Jan. 19, 2017) ("The plain language of reasoning level 3 describes, though in different words, the ability to perform detailed tasks."); see also Berry v. Berryhill, 2018 WL 348174 (D. Ks. Jan. 10, 2018) (finding no 10th Circuit authority for an apparent conflict between an RFC to perform "simple and some intermediate tasks not requiring complex or detailed independent planning" and Level 3 Reasoning). However, the Court finds the reasoning of these cases less persuasive, and notes the absence of binding authority in the Ninth Circuit directing a different outcome. In Morris v Commissioner, the Ninth Circuit did affirm a district court's finding that no conflict existed between a Reasoning 3 occupation and the claimants RFC. See 421 F.App'x. 693 (9th Cir. 2011). However, it is not clear from the two–page memorandum what plaintiff's RFC was (aside from the fact that it involved minimal complexity), and more importantly, the Ninth Circuit cases that have spoken on this issue since Morris have treated the correlation between reasoning and tasks in much more concrete terms. Thus, this unpublished memorandum also fails to persuade the Court.

Finally, the Court notes the Commissioner's concern that to equate Plaintiff's RFC, viewed in the totality of the record, with the RFC in Zavalin and Rounds would be to expand the holdings of those cases beyond where they were meant to go. (See ECF No. 12 at p. 10, fn. 5.) The Court does not read the reasoning of Bowman to mean that a claimant with "detailed, but not complex" RFC is barred from Level 3 Reasoning occupations. Instead, the Court merely recognizes that when this issue arises (i.e. an RFC that carves a middle ground between "simple" and "complex" by using the term "detailed"), the ALJ cannot simply rely on the VE's two–word answer to the question: "is your testimony consistent with the DOT and the SCO?" (See ECF No. 803 at p. 90.)

Conversely, the Court cannot remand directly for benefits, as the Plaintiff requests. This conclusion is simply because it is just as likely that the ALJ reconsiders the VE's testimony, resolves the conflict against Plaintiff, and finds she is able to perform those Reasoning Level 3

9

jobs. Alternatively, the ALJ may determine that Plaintiff could perform Reasoning Level 1–2 occupations that exist in significant proportion. Thus, remand is appropriate. See Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981) (remand if additional proceedings can remedy defects).

In order to simplify the proceedings for the parties, the Court sets forth the following scope of remand: the ALJ shall reconsider the findings at step five and determine, with the assistance of a VE if necessary, whether there are jobs existing in significant numbers in the regional and national economy that Plaintiff can still perform in light of her already–determined RFC limitations—including her allowance for "simple and detailed" but not complex tasks. If the VE cites to any Reasoning Level 3 occupations that Plaintiff could perform, the ALJ shall resolve the conflict between this reasoning level and Plaintiff's RFC.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is GRANTED IN PART;
2. The Commissioner's cross-motion for summary judgment (ECF No. 12) is DENIED.
3. The final decision of the Commissioner is REVERSED, and the case is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g);
4. The Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

Dated: August 19, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pugh.1607